EDWIN A. LOMBARD, Judge.
 

 |/.The plaintiff, John Westmoreland appeals the judgment in favor of the defendants dismissing his claim. After review of the record in light of the applicable law and arguments of the party, the judgment of the trial court is affirmed.
 

 Relevant Facts and Procedural History
 

 On March 17, 2005, the plaintiff/appellant was employed at the New Orleans Fairgrounds Race Course by Eddie Guste as an exercise rider for Zarb’s Flight, a race horse owned by Guste. En route to the barn shortly after the track closed for exercise purposes at 10 a.m., the plaintiff/appellant removed his feet from the stirrups. The horse began prancing and then flipped over, throwing the plaintiff/appellant. A forklift owned by the defendants, Cory Strander, individually and d/b/a Trainers Supply Company and Double M Feed Company, and driven by an employee of the defendant, was in the vicinity. Accordingly, on November 22, 2005, the plaintiff filed suit against the defendant claiming that he was injured as a result of the defendant’s negligence. After a bench trial on May 7, 2005, the 12district court signed a judgment on May 27, 2008, in favor of the defendant pursuant to La. Rev. Stat 9:2795.1, dismissing the plaintiffs claim with prejudice, each party to bear their own costs. In his Reasons for Judgment, the trial judge found that the parties and activities in which the parties were engaged at the time of the plaintiffs claimed injury fell within the purview of La.Rev.Stat. 9:2795.1 and, as such, the defendants could not be liable for any injuries sustained by the plaintiff. In addition, the trial judge found that the plaintiffs unsupported and contradicted
 
 *1226
 
 testimony relative to the speed of the forklift did not warrant invocation of the statutory exceptions for willful and wanton conduct of intentional injury provided for in La. Rev. Stat. 9:2795.1 C (4) & (5).
 

 Discussion
 

 The plaintiff appeals the judgment of the trial court, arguing that it was error for the trial court to find La.Rev.Stat. 9:2795.1 applicable to either the defendants or the plaintiff because a thoroughbred race horse should not be categorized as a “farm animal,” the racing industry should not be categorized as a farm animal activity, and a professional exercise rider should not be categorized as a participant engaged in farm animal activity. This argument, while novel, is without foundation.
 

 La.Rev.Stat. 9:2795(B) provides:
 

 Except as provided in Subsection C
 
 [1]
 
 of this Section, a farm animal activity sponsor, a farm animal professional, or any other person, which shall include a corporation of partnership, shall not be | Jiable for an injury to or the death of a participant resulting from the inherent risks of a farm animal activity and, except as provided by Subsection C of this Section, no participant or participant’s representative shall make any claim against, maintain an action against, or recover from a farm animal activity sponsor, a farm animal professional, or any other person for injury, loss, damage, or death of the participant resulting from any of the inherent risks of farm animal activities.
 

 The statutory definitions do not support the plaintiffs arguments. First, La.Rev. Stat. 9:2795.1(A)(2) specifically states that a “ ‘Farm animal’ means one or more of the following animals: horse.... ” Thus, the plaintiffs contention that a race horse is not a “farm animal” under the statute is simply wrong.
 

 Next, La.Rev.Stat. 9:2795(A)(3)(a) provides that a “Farm animal activity” includes competitions involving horses such as the steeplechase. Although a horse race on a flat race course is not included in the examples of competitions covered, a steeplechase is a race between horses (mostly thoroughbreds) over a race course with jumps and obstacles and, accordingly, indicates that a race over a flat course is also a statutory “farm animal activity.” Likewise, “Farm animal activity” includes “daily care” related to “[bjoarding a [horse],” La.Rev.Stat. 9:2795.1(A)(3)(c), or “training ... activities ... involving [horses].” La.Rev.Stat. 9:2795.1(A)(3)(b). Thus, the defendant’s employee transporting grain and hay to the barn for the horse’s consumption, part of the daily care provided to horses boarded at the racetrack, is clearly a covered activity, as is an exercise rider’s return to the barn after a training session on the track. Similarly, pursuant to La.Rev.Stat. 9:2795.1(A)(8), “participant” is defined as “any person, whether amateur or professional, who engages in a farm animal activity,” ie., horse ^competitions, and, thus, the plaintiff was clearly a participant within the meaning of the statute. Finally, as recognized by the statute, there are inherent risks involved in horse-related activities due to the “the propensity of a [horse] to behave in ways that may result in injury or harm to those around them ...” and ‘[t]he unpredictability of a [horse’s] reaction to such things as sounds, sudden movement, and unfamiliar
 
 *1227
 
 objects, persons, or other animals. La. Rev.Stat. 9:2795.1 A(7)(a)
 
 &
 
 (b).
 

 In this case, the plaintiff (a statutory-participant) was purportedly injured when riding back to the barn (a statutory activity) without stirrups on an animal with a recognized propensity to react unpredictably to sights and sounds. The defendant’s employee was in the vicinity moving feed and hay, part of the daily care related to boarding a horse at the racetrack. Under these circumstances, La.Rev.Stat. 9:2795.1 is clearly applicable.
 

 Conclusion
 

 The judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Subsection C, in turn, provides that nothing shall prevent or limit the liability of a farm animal activity sponsor commits "an act or omission that constitutes willful or wanton disregard for the safety of the participant, and that act or omission caused the injuries.” La.Rev.Stat. 9:2795.1(C)(4).